

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Overruled by WW 19

January 22, 1957

Hon. Ben Ramsey
Lieutenant Governor of Texas

Hon. Waggoner Carr, Speaker
House of Representatives

Capitol Station
Austin, Texas

Opinion No. WW-7

Re: Social Security partici-
pation by Senators and
Representatives

Dear Sirs:

Your letter requesting our opinion in reference to the captioned matter reads as follows:

"The Texas Legislature authorized 'State Employees', as defined in the Law, to participate in Old Age and Survivors Insurance (Social Security). Specific reference is made to Section 1, Subsection (c) of House Bill No. 666, Acts of the 54th Legislature, Regular Session, 1955, which became effective September 6, 1955, and which provides in part as follows:

"'(c) The term "State Employee" in addition to its usual meaning shall include elective and appointive officials of the State, but shall not include those persons rendering services in positions, the compensation for which is on a fee basis. . .'

"The Senators and Representatives are, no doubt, 'elective officials of the State'. As elective officials, they could be included for Social Security participation. The question arises, however, as to their eligibility for participation because of the method of their compensation since 'positions, the compensation for which is on a fee basis' are excluded. If they are not within the exclusion, it is assumed that they must participate in Social Security along with all other elective officials."

Article III, Section 24 of the Texas Constitution provides, in part, as follows:

"Members of the Legislature shall receive from the public treasury a per diem of not exceeding Twenty

five ($25) Dollars per day for the first one hundred twenty (120) days only of each session of the Legislature."

The Supreme Court of Tennessee in construing a similar provision of the Tennessee Constitution which provides for a per diem of Four Dollars per day for members of the general assembly, held that the term "per diem" as used in Article II, Section 23 of the Tennessee Constitution is synonymous with "salary" and stated that the term "salary" imports the idea of compensation for personal service, and not the repayment of money expended in the discharge of the duties of the office. Peay v. Nolan et al, 7 S.W.2d 815 (1928). The Court in McNair v. Allegheny County, 195 A. 118, 328 Pa. 3 held that "fees", constitute payment for particular services performed, while "salaries" constitute fixed compensation for continuous services over a period of time.

The Texas Supreme Court in the case of Wichita County v. Robinson, 276 S.W.2d 509 (1954) held that fees are compensation for particular services rendered at an irregular period, payable at the time the services are rendered.

Based upon the above authorities, it is clear to us that Section 24 of Article III of our Constitution does not provide that members of the Legislature shall be compensated on a fee basis. It is our further opinion that members of the Legislature are elective officials of the State and are "State employees" as that term is defined in Subsection (c) of House Bill No. 666, Acts of the 54th Legislature.

SUMMARY

Section 24 of Article III of our Constitution does not provide that members of the Legislature shall be compensated on a fee basis. Members of the Legislature are elective officials of the State and are "State employees" as that term is defined in Subsection (c) of House Bill No. 666, Acts of the 54th Legislature.

Yours very truly,

APPROVED:

Opinion Committee

H. Grady Chandler
    Chairman

WVG:cs

WILL WILSON
Attorney General of Texas

By _W. V. Geppert_
    Assistant